UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT LEWIS, JR., on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS HEALTH CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:25-CV-3763-SEG |

## **O R D E R**

Plaintiff Robert Lewis, Jr. filed this putative class action against Defendant CVS Health Corporation on July 7, 2025. (Doc. 1.) Plaintiff has moved to extend the deadline for filing a motion for class certification until such time that the Court enters a scheduling order. (Doc. 8.) Defendant does not oppose the motion. (*Id.*)

Federal Rule of Civil Procedure 23(c)(1)(A), which governs the timing of class certification, provides that courts must determine whether to certify a class in a putative class action "[a]t an early practicable time after a person sues or is sued as a class representative[.]" This Court's local rules state that a "plaintiff shall move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be

maintained as a class action[,]" and when a motion to dismiss has been filed, "within thirty (30) days after all defendants have filed an answer to the complaint." LR 23.1(B), NDGa. "The Court may extend the time upon a showing of good cause." *Id.*

Notwithstanding the 90-day deadline set forth in the Court's local rules, the Eleventh Circuit has recognized that plaintiffs in putative class actions are often "entitled to conduct some discovery before moving for class certification." *Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1365 (11th Cir. 2021). Indeed, "the current version of Rule 23(c)(1)(A) not only supports the expectation that plaintiffs will have some opportunity for discovery before moving for class certification; it also places the onus of ensuring a timely certification decision on the district court, rather than on plaintiffs." *Id.* at 1367.

Here, Plaintiff argues that the deadline for filing a motion for class certification should be extended because Defendant has not yet responded to the complaint and Plaintiff requires additional time to conduct discovery before filing a motion for class certification. (Doc. 8.) The Court agrees. Because Defendant's answer is only due on September 8, 2025, (Doc. 5), the 90-day deadline set by Local Rule 23.1(B) would not provide Plaintiff a meaningful opportunity to conduct discovery before moving to certify a class. Accordingly, the Court finds good cause for extending the class certification deadline.

Plaintiff's motion to extend the deadline for filing a motion for class certification (Doc. 8) is **GRANTED**. The Court will set a deadline for Plaintiff's motion for class certification upon the parties' filing of a Joint Preliminary Report and Discovery Plan.

**SO ORDERED**, this 23rd day of July, 2025.

_____
SARAH E. GERAGHTY
United States District Judge